FILED

UNITED STATES DISTRICT COURT          2003 OCT 29  P  2: 24

DISTRICT OF CONNECTICUT          US DISTRICT COURT
                                     HARTFORD CT

-------------------------------------------------------x

RONNELL HIGGINS,

        Plaintiff          NO.: 3:02 CV 1863(DJS)

V.

JOHN RAPPAPORT AND
JOHN GERARD HAMMOND

        Defendants          OCTOBER 29, 2003

-------------------------------------------------------x

## DEFENDANT'S MOTION IN LIMINE RE: EXPERT TESTIMONY

The defendant, JOHN GERARD HAMMOND, hereby moves to preclude the testimony of any expert witness proffered by the plaintiff, to include Peter Jokl, M.D. and Dorothy Van Rhijn, M.D., on the basis that no such expert witness has been disclosed pursuant to the Order Regarding Case Management Plan as well as Federal Rules of Civil Procedure 26(2) et seq.  The reasons for said motion are set forth more fully in the accompanying memorandum of law.

-2-

THE DEFENDANT
JOHN GERARD HAMMOND


By_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000


<u>CERTIFICATION</u>

I hereby certify that on October 29, 2003, a copy of the foregoing was mailed, postage prepaid, to:

W. Martyn Philpot, Jr., Esquire
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT 06511-6406

and a bench copy to:

Honorable Dominic J. Squatrito
U.S. District Court
450 Main Street
Hartford, CT 06103

_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

\\fp\nuzzo\wp\403001\799\MIL expert testimony.doc

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-------------------------------------------------------x

RONNELL HIGGINS,

            Plaintiff                           NO.: 3:02 CV 1863(DJS)

V.

JOHN RAPPAPORT AND
JOHN GERARD HAMMOND

            Defendants                 OCTOBER 29, 2003
-------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION IN LIMINE RE: PRECLUDE EXPERT TESTIMONY

The defendant, JOHN GERARD HAMMOND, hereby moves to preclude the testimony of any expert witness proffered by the plaintiff, to include Peter Jokl, M.D. and Dorothy Van Rhijn, M.D., on the basis that no such expert witness has been disclosed in compliance with this court's Order Regarding Case Management Plan.

The requirement for disclosure of expert testimony is set forth in Federal Rules of Civil Procedure 26(a)(2)(A) which provides in part that " ... a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Federal Rules of Civil Procedure 26(a)(2)(C) provides the trial court with the authority to set the time and sequence for expert disclosure. In this case, the time frame for expert disclosures was set forth in the Order

-2-

Regarding Case Management Plan, issued by Judge Robert N. Chatigny on January 29,

2003. Said Order provides that:

> **Discovery Relating to Expert Witnesses**: An expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. No such witness will be permitted to testify at trial unless the party calling the witness has disclosed a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B)[1]. The requirement of a signed report applies to all expert witnesses whether or not the witness has been specifically retained to provide expert testimony in the case. All such expert reports will be disclosed by plaintiff on or before **May 5, 2003** and any such experts will be deposed on or before July 25, 2003. All such reports will be disclosed by defendants on or before **June 20, 2003** and any such experts will be deposed by **July 25, 2003**.

According to the Parties Proposed Joint Trial Memorandum dated October 28, 2003,

the plaintiff plans to introduce the testimony of his treating physicians, Peter Jokl, M.D. and

Dorothy Van Rhijn, M.D. to testify as experts. However, the plaintiff has not disclosed

---

[1] Federal Rules of Civil Procedure 26(a)(2)(B) provides in part that:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case … be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or deposition within the preceding four years.

-3-

these witnesses, or any other expert witness for that matter, in accordance with the abovementioned order. The defendant has not received any report from these witness as required by Federal Rules of Civil Procedure 26(a)(2)(B) and in accordance with the Order Regarding Case Management Plan. In fact, the first notice given to the plaintiff that would be seeking to introduce the testimony of Peter Jokl, M.D. and Dorothy Van Rhijn, M.D. as experts was in the Parties Proposed Joint Trial Memorandum dated October 28, 2003.

As the Advisory Committee Notes to the Federal Rules explain, Rule 26(a)(2) requires parties to disclose "expert testimony sufficiently in advance of trial [so] that the opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Cary Oil Co., Inc. v. MG Refining & Marketing, Inc., 2003 WL 1878246 (S.D.N.Y. 2003) citing Fed.R.Civ.P. 26(a)(2)(B), Advisory Committee Notes (1993 Amendments) at 152 (West 2003). In the present case the plaintiff waited until the eve of trial to disclose witnesses to testify as experts. Accordingly, the defendant has not had an opportunity to adequately prepare for cross examination or arrange for expert testimony from other witnesses. To allow any expert to testify on behalf of the plaintiff, including Peter Jokl, M.D. and Dorothy Van Rhijn, M.D, would be highly prejudicial to the defendant. Therefore, any such testimony should be precluded for the reasons set forth herein.

-4-

THE DEFENDANT
JOHN GERARD HAMMOND


By_____
    Frederick L. Murolo
    Federal Bar No: ct 01562
    NUZZO & ROBERTS, L.L.C.
    One Town Center
    P.O. Box 747
    Cheshire, Connecticut 06410
    (203) 250-2000

-5-

CERTIFICATION

I hereby certify that on October 29, 2003, a copy of the foregoing was mailed, postage prepaid, to:

W. Martyn Philpot, Jr., Esquire
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT 06511-6406

and a bench copy to:

Honorable Dominic J. Squatrito
U.S. District Court
450 Main Street
Hartford, CT  06103

Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut  06410
(203) 250-2000

\\fp\nuzzo\wp\403001\799\Mem Law MIL expert testimony.doc