FILED

2003 OCT 29 P 2: 24

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------------------------x

RONNELL HIGGINS,

        Plaintiff                                    NO.: 3:02 CV 1863(DJS)

V.

JOHN RAPPAPORT AND
JOHN GERARD HAMMOND

        Defendants                              OCTOBER 29, 2003

------------------------------------------------------------x

## DEFENDANT'S MOTION IN LIMINE RE: TESTIMONY OF DETECTIVE MARTIN BUONFIGLIO AND SARGEANT LOUIS CASANOVA.

The defendant, JOHN GERARD HAMMOND, hereby moves to preclude the testimony of Detective Martin Buonfiglio and Sargeant Louis Casanova on the basis that the plaintiff has failed to amend his discovery responses, pursuant to Federal Rules of Civil Procedure 26(e)(2), to include these witnesses, and as a result, the defendant has first learned of these witnesses on the eve of trial without an adequate opportunity to depose, investigate, or prepare for cross examination at trial. The reasons for said motion are set forth more fully in the accompanying memorandum of law.

-2-

THE DEFENDANT
JOHN GERARD HAMMOND

By _____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

## CERTIFICATION

I hereby certify that on October 29, 2003, a copy of the foregoing was mailed, postage prepaid, to:

W. Martyn Philpot, Jr., Esquire
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT 06511-6406
and a bench copy to:

    Honorable Dominic J. Squatrito
    U.S. District Court
    450 Main Street
    Hartford, CT  06103

_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

RONNELL HIGGINS,

        Plaintiff                                NO.: 3:02 CV 1863(DJS)

V.

JOHN RAPPAPORT AND
JOHN GERARD HAMMOND

        Defendants                          OCTOBER 29, 2003

-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE RE: TESTIMONY OF DETECTIVE MARTIN BUONFIGLIO AND SERGEANT LOUIS CASANOVA.

The defendant, JOHN GERARD HAMMOND, hereby moves to preclude the testimony of Detective Martin Buonfiglio and Sergeant Louis Casanova on the basis that the plaintiff has failed to amend his discovery responses, pursuant to Federal Rules of Civil Procedure 26(e)(2), to include these witnesses, and as a result, the defendant has first learned of these witnesses on the eve of trial without an adequate opportunity to depose, investigate, or prepare for cross examination at trial.

On January 28, 2003, the defendant served on the plaintiff Interrogatories and Requests for Production wherein the defendant requested that the plaintiff "state the names(s), addresses(es) and present location of any witness(es) to the incident which is the

subject of this action or any witnesses(es) who came upon the incident thereafter." (Notice of Plaintiff's Responses to Defendant's Request for Disclosure and Production, No. 10, attached as Exhibit A). In response, the plaintiff lists "Officer Eric Rapuano," "Sargeant Kenneth Hollie," and "Francis Reilly." <u>Id.</u> In the Parties' Proposed Joint Trial Memorandum dated October 28, 2003, the plaintiff lists as witnesses, for the first time, Detective Martin Buonfiglio and Sergeant Louis Casanova. Prior to the receipt of this memorandum, the defendant was unaware of the existence of these two individuals.

Pursuant to the Federal Rules of Civil Procedure, the plaintiff is required to amend interrogatory responses upon the discovery of new information. Federal Rules of Civil Procedure 26(e)(2) provides that:

> A party is under a duty seasonably to amend a prior response to an interrogatory ... if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

The penalty for failing to comply with Federal Rules of Civil Procedure 26(e)(2) is preclusion of evidence pursuant to Federal Rules of Civil Procedure 37(c)(1). Federal Rules of Civil Procedure 37(c)(1) provides that:

> A party that without substantial justification fails to ... amend a response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed.

-3-

It has been held that the "rules are designed to avoid surprise or trial by ambush." (Internal citations omitted, internal quotation marks omitted) <u>Lesser v. Wildwood</u>, 2003 WL 22228757 (S.D.N.Y. 2003)(Attached as Exhibit B). "The sanction of preclusion under Rule 37(c)(1) is automatic absent a determination of either substantial justification or harmlessness." <u>Id.</u> (Internal citations omitted, internal quotations mark omitted). "The burden of proving either substantial justification or harmlessness rests with party which has failed to disclose information." <u>Id.</u> (Internal citations omitted, internal quotations mark omitted).

As stated above, the defendant first learned of the existence of these two witnesses on the eve of trial. Despite the fact that the plaintiff was under a duty to seasonably amend his interrogatory responses to include the identity of these witnesses pursuant to Rule 26(e)(2), the plaintiff failed to do so. Although the plaintiff has attempted to explain his failure to comply with discovery rules by claiming that he first became aware of the existence of these two witnesses over the past few weeks, such an excuse is not plausible. It is hard to believe that the plaintiff would not know who actually witnessed the incident at issue until a few weeks prior to trial.

Furthermore, the prejudicial harm to the defendant if said witnesses were permitted to testify at trial is great. Again, the defendant first learned of the existence of these witnesses on the eve of trial. Counsel for the defendant has not had an adequate opportunity

-4-

to depose or investigate these witnesses or prepare for cross examination at trial. The introduction of testimony from these witnesses would result in a trial by ambush – the exact result the abovementioned rules are designed to prevent.

WHEREFORE, the defendant respectfully requests that his motion to preclude the testimony of Detective Martin Buonfiglio and Sergeant Louis Casanova be granted.

THE DEFENDANT
JOHN GERARD HAMMOND

By_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

-5-

## CERTIFICATION

I hereby certify that on October 29, 2003, a copy of the foregoing was mailed, postage prepaid, to:

W. Martyn Philpot, Jr., Esquire
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT 06511-6406


and a bench copy to:

>Honorable Dominic J. Squatrito
>U.S. District Court
>450 Main Street
>Hartford, CT 06103


_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

\\fp\nuzzo\wp\403001\799\Mem law MIL eyewitness testimony.doc