UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
                                                   FILED

                                              2003 OCT 29  P 2: 24

                                              US DISTRICT COURT
                                              HARTFORD CT
```

*************************************

| | |
|---|---|
| RONNELL HIGGINS | * |
| *Plaintiff,* | * |
| | * CIVIL NO. 3:02CV1863 (DJS) |
| VS. | * |
| | * |
| JOHN RAPPAPORT AND. | * |
| JOHN GERARD HAMMOND | * |
| *Defendants.* | * OCTOBER 29, 2003 |

*************************************

## PARTIES' PROPOSED JOINT TRIAL MEMORANDUM

1.   **Trial Counsel**
     For the plaintiff:
     W. Martyn Philpot, Jr.
     Law Office of W. Martyn Philpot, Jr., LLC
     409 Orange Street
     New Haven, CT 06511-6406
     Tel. No. (203) 624-4666
     Federal Bar No. ct05747
     Email: philpot.law@snet.net


     For the defendant:
     Frederick L. Murolo
     Nuzzo & Roberts, LLC
     One Town Center
     P.O. Box 747
     Cheshire, CT 06410
     Tel. No. (203) 250-2000
     Federal Bar No. ct01562
     Email:  fmurolo@nuzzo-roberts.com

2

**2.    Jurisdiction**

According to the plaintiff, jurisdiction in this Court is invoked under the provisions of the Judicial Code at 28 U.S.C. Sections 1331 and 1332. The defendant has previously moved that the case be dismissed for failing to meet the federal court jurisdictional requirements.

**3.    Jury/Non-Jury**

The instant matter is to be tried to a jury.

**4.    Nature of Case**

The plaintiff has claimed that the defendant is legally responsible for those injuries and/or damages arising from:

1.    negligence in causing contact between the plaintiff and defendant;

2.    negligent infliction of emotional distress as a result of causing contact between the plaintiff and defendant;

3.    intentional or negligent or wanton assault in causing contact between the plaintiff and defendant.

The plaintiff claims compensatory damages for claims 1 and 2 and 3, as well as punitive (exemplary) damages for claim 3.

3

## 5. Stipulations of Fact and Law

Fact:

1.  The plaintiff was on duty as a peace officer, not a police officer, and held the position of Sargeant for Yale University at the time of the incident on November 17, 2001.

    Objection: The plaintiff disputes this assertion as being untrue.

2.  The defendant was a full time college student on November 17, 2001.

3.  The plaintiff has incurred a total of $889 in medical bills as a result of the incident on November 17, 2001.

    Objection: The plaintiff disputes this assertion as being untrue.

4.  The plaintiff has not undergone any medical treatment for the injuries he claims resulting from the incident of November 17, 2001, since February 2002.

5.  The plaintiff has not been assessed with any permanent disability as a result of the injuries he claims arose out of the incident on November 17, 2001.

    Objection: The plaintiff is still under a doctor's care for the injuries sustained during the November 17, 2001 incident.

6.  The plaintiff brought a claim and lawsuit for the same exact

4

injuries against both the defendant and John Rappaport.

Objection:   Irrelevant

7.    The plaintiff's claim against John Rappaport has been concluded

and is no longer pending.

Objection:   Irrelevant

8.    The plaintiff stayed out of work for approximately 7 weeks

following the incident on November 17, 2001.

Law

1.    The claims are governed by Connecticut substantive law.

**6.    Plaintiff's contentions:**

This matter arises from an incident which occurred on the 17th of November

2001 at the annual Yale-Harvard game which was held at the Yale Bowl in New

Haven.  The plaintiff, Ronnell Higgins, a Sergeant with the Yale University Police

Department, was assaulted while on duty after the conclusion of the game.

Sergeant Higgins was protecting the goal posts when several students began to

encourage the crowd to take down the goal posts at the southern end of the field.

As a result of certain students' incitement of the crowd, including the particularly

vocal demands of the defendant, John Gerard Hammond, the goal posts, as well as

the policemen assigned to encircle and thereby protect them, were overrun.  More

specifically, the plaintiff was physically hit and violently knocked to the ground by

5

the defendant, John Hammond. As the plaintiff attempted to restrain the defendant,

he was hit from behind and again abruptly knocked to the ground.

As a consequence of the aforedescribed physical attacks, the plaintiff

sustained the following injuries:

(a) A severe sprain and strain of his lumbar spine resulting in a
permanent-                    partial disability;

(b) A severe sprain and strain of his cervical spine;

( ) A pinched nerve of his left shoulder;

(d) A severe strain of his left knee; and

(e) A badly bruised elbow.

Plaintiff's specials, including lost wages, total approximately $12,159.41.

In addition to alleging a claim of assault and battery, plaintiff has also

alternatively alleged negligence, as well as negligent infliction of emotional

distress as against the defendant.

Defendant's objection: The defendant objects to the plaintiff's characterization of

the incident as contrary to evidence and the plaintiff's claims as set forth in the

pleadings.

7.    **Defendant's contentions:**

The defendant was on the field and tried to move toward the goalposts, but

at no time attempted to make contact with the plaintiff. He was trying to move past

he plaintiff to the goal posts and any contact was accidental and incidental. The

6

plaintiff continued to the goalposts and was then thrown to the ground by the plaintiff and roughly handled. The plaintiff at no time exhibited any outward signs of any injury and was angry and used obscenities in his treatment of the defendant.

The plaintiff was also knocked over and claimed injury as a result of the action of the former co-defendant, Rappaport. Any negligence must be apportioned between the defendant and former co-defendant pursuant to Conn. Gen. Stat. §52-572h.

The plaintiff contributed to his own injuries through his own negligent, reckless and intentional behavior in negligently, recklessly or intentionally engaging in physical contact with the defendant and Rappaport, the former co-defendant.

The plaintiff did not sustain any injury considered by any health care provider to be a permanent injury. The plaintiff has not treated for any claimed injuries since February 2002. The plaintiff was cleared for light duty work soon after the incident but did not return to work for 7 weeks after the incident. The plaintiff has not claimed any additional work loss and has claimed only medical special damages of $889.70.

Plaintiff's Objection: The plaintiff asserts that defendant's account is wholly based upon fiction and is contrary to defendant's own sworn deposition testimony. Moreover, plaintiff denies any scintilla of contributory negligence.

7

8.   **Legal Issues.**

   A.   **Plaintiff's Contentions**

   1.   Whether the conduct of the defendant on November 17, 2001 constituted negligence?

   2.   Whether the conduct of the defendant on November 17, 2001 constituted assault and battery?

   3.   Whether the conduct of the defendant resulted in the plaintiff being negligently inflicted by emotional distress?

   4.   Whether the plaintiff is entitled to punitive damages as a result of the intentional conduct of the defendant?

Defendant's objection: The defendant contends that these issues are factual issues, not legal issues.

   B.   **Defendant's Contentions**

   1.   Whether the plaintiff is entitled to claim punitive damages on a claim of negligent or wanton assault.

   2.   Whether the plaintiff is limited to compensatory damages only on the claims asserted.

   3.   Whether the plaintiff has a legally viable claim for negligent

8

infliction of emotional distress.

4.    Whether any claim for punitive damages is limited to exemplary damages under Connecticut law.

5.    Whether the claim meets the jurisdictional requirements for federal court.

## 9.    Voir Dire Questions.

1.    Do any of you know any of the parties involved in the instant matter, anyone who works for the plaintiff's employer, any of the attorneys representing the parties and if so, would this knowledge affect your ability to serve as a fair and impartial juror in this matter?

2.    Do any of you know of or ever heard of any of the witnesses who are expected to testify in the upcoming trial of this case?  If your answer is in the affirmative, would your familiarity with any of the witnesses affect your ability to be a fair and impartial juror in this matter?

3.    There has been a great deal of talk in the media of late about frivolous lawsuits and possible caps on claims brought by plaintiffs in our courts. Whether or not you agree with this proposition, will you be able to follow the law as provided to you by this Court regardless of your own feelings as to whether or not there are too many frivolous lawsuits in Courts and/or whether or not damages

9

should be capped in certain types of cases?

4.    If you find that Sargeant Higgins has proven his case by a preponderance of the evidence, will you have any hesitation in awarding him just, fair and reasonable damages in accordance with the law as I so instruct?

5.    Often times, people have indicated difficulty in awarding money damages for such things as pain and suffering, even when they have found that such damages are justly deserved.  If you find that the plaintiff has proven his damages by a preponderance of the evidence, will you be reluctant to award just, fair and reasonable damages for such intangible things as pain and suffering, humiliation, embarrassment and loss of enjoyment of life?

6.    Do you agree that you should base any verdict on proof, rather than speculation or guesswork?

7.    Do you agree to set aside any sympathy in doing your job as a juror?

8.    Have you ever been a claimant in a personal injury claim or lawsuit?

9.    Have you ever made a claim for workers' compensation?

10.    Have you ever had a claim for personal injuries made against you?

11.    Have you attended college?

12.     If so, where and when?

13.    Have you ever attended a college football game?

14.    Are you related to or close friends with any peace officer or police

10

officer?

15.    If after hearing all of the evidence in the case, you find that the plaintiff has not proved by the better evidence that he is entitled to any of the damages he claims, would you agree to award him no money and find for the defendant?

**10.    List of Witnesses**

A.    By Plaintiff

1.    Ronnell Higgins, 419 Burr Street, New Haven CT 06511.  Mr. Higgins will testify as to the allegations contained in his complaint, the events of November 17, 2001 and his resulting injuries and damages.  Approximate time of testimony will be 3 hours.

2.    Detective Martin Buonfiglio, Yale Police Department, 336 Roast Meat Hill Road, Killingworth, CT 06419.  Detective Buonfiglio will testify as to the events which occurred at Yale Bowl on November 17, 2001.  Approximate time of testimony will be 1 hour.

The defendant objects to any testimony of this witness as he was not disclosed as a witness in the plaintiff's responses to discovery.  See attached motion and memorandum of law.

3.    Sergeant Louis Casanova, New Haven Police Department, One Union Avenue, New Haven, CT 06519.  Officer Casanova will

11

testify as to the events which occurred at Yale Bowl on November

17, 2001. Approximate length of testimony will be 1 hour.

The defendant objects to any testimony of this witness as he was not

disclosed as a witness in the plaintiff's responses to discovery. See attached

motion and memorandum of law.

4.      Officer Eric Rapuano, Yale Police Department, 26 Christina Court,

        Clinton, CT 06413.  Officer Rapuano will testify as to his

        observations of the events at Yale Bowl on November 17, 2001.

        Approximate length of testimony will be 1 hour.

5.      Peter Jokl, M.D., Yale Sports Medicine, 800 Howard Avenue, New

        Haven, CT 06520. Dr. Jokl will testify as to the diagnosis, prognosis

        and overall medical treatment of the plaintiff for the injuries he

        sustained on November 17, 2001.  Approximate length of testimony

        will be 1 to 2 hours.

The defendant objects to any testimony of this witness as he is an

undisclosed expert. See attached motion and memorandum of law.

6.      Dorothy Van Rhijn, M.D., Yale University Health Services, 17

        Hillhouse Avenue, New Haven, CT 06511. Dr. Rhijn will testify as

        to the diagnosis, prognosis and treatment she administered to the

        plaintiff for the injuries he sustained on November 17, 2001 at Yale

12

Bowl.   Approximate length of testimony will be 1 hour.

The defendant objects to any testimony of this witness as she is an undisclosed expert.  See attached motion and memorandum of law.

7.    Sergeant Kenneth Hollie 98-100 Sachem Street, New Haven, CT 06511.  Sargeant Hollie will testify as to his observations of the events which occurred on November 17, 2001 at the Yale Bowl. Approximate length of testimony will be 1 hour.

8.    Francis Reilly, Chief of Police Harvard University, 1033 Massachusetts Avenue, Cambridge, MA 02138-2436.  Chief Reilly will testify as to his observations of the events which occurred on November 17, 2001 at Yale Bowl.   Approximate length of testimony will be 1 hour.

Plaintiff reserves the right to call any witnesses listed by the defendant in his case-in-chief.  Moreover, plaintiff reserves the right to supplement this list in light of any evidentiary rulings issued by the Court during the course of trial.

The defendant generally objects to the witness disclosure and expert witness disclosure as the plaintiff has not indicated the substance of any of the proposed witness's testimony.

B.    By Defendant

13

1.      Gerard Hammond, 564 5th Street, Brooklyn, New York, 11215

Mr. Hammond will testify that he was a student at Harvard who attended the

Yale-Harvard game. He will further testify as to the events preceding the incident,

including transportation to the game, what he did preceding and at the game, what

he ate and drank. He will further testify as to the incident itself, including being on

the field in a crowd, moving toward the goal posts, making unintentional contact

with the plaintiff, subsequently being pushed down to the ground and manhandled

by the plaintiff and the events immediately following. The defendant anticipates

his testimony will be 2-3 hours.

Objection:   Plaintiff objects to any testimony by the defendant which baselessly

suggests that plaintiff was in any manner comparatively negligent or abusive of the

defendant or otherwise deviated from his police training as a Yale University

Police Officer. See i.e., Deposition of defendant, dated July 11, 2003.


**11.   Exhibits**

   **A.   By Plaintiff**

   1.      Medical records of Yale University Health Services.

   2.      Medical bills of Yale University Health Services.

   3.      Medical Records of Dr. Peter Jokl of Yale Medical Group.

   4.      Medical bills of Dr. Peter Jokl of Yale Medical Group.

14

The defendant objects to the medical records and bills identified to the extent they are not properly authenticated and to the extent they have not been produced by the plaintiff in responses to discovery.

5.    Tax Returns of Ronnell Higgins for the years 2000-2002

The defendant objects to these as they were not produced in response to discovery requests.

6.    Yale University Police Department Case/Incident report No. 1012139, dated November 17, 2001.

The defendant objects to this document as it is hearsay, is prejudicial and is not relevant.

7.    Yale University Police Department Incident Report, Supplemental

The defendant objects to this document as it is hearsay, is prejudicial and is not relevant.

8.    The written statements of the defendant and co-defendants regarding this incident.

The defendant objects to the statements of the former co-defendant as they are hearsay.

9.    Lawsuit of Eric Rapuano vs. John Rappaport.

The defendant objects as this is irrelevant and is hearsay.

10.    Interrogatories and Requests for Production responses of the

15

defendants John Rappaport and John Hammond

The defendant objects to the responses of the former co-defendant as these are

hearsay.

11.    The police photos and fingerprints of the defendant upon his arrest

on November 17, 2001.

The defendant objects to these as irrelevant, prejudicial, immaterial to any issues in

the case.  Police action and results are not admissible in a civil case as they are

prejudicial and constitute improper opinion testimony as to the character and

culpability of the actions of the parties.


B.    By Defendant

1.    Discovery responses of the plaintiff to the defendant and former co-

defendant.

The defendant reserves the right to offer exhibits listed by the plaintiff

which the plaintiff does not offer into evidence. The defendant further reserves the

right to introduce exhibits that rebut or impeach testimony of plaintiff's witnesses.

**12.    Deposition Testimony**

Deposition of the defendant, John Gerard Hammond dated July 11, 2003.

**13.    Requests for Jury Instructions**

Attached.  The parties conferred and were unable to agree on instructions.

16

They have thus attached dual requests.

**14.    Anticipated Evidentiary Problems**

Plaintiff:  A few of the witnesses listed by plaintiff were not disclosed in plaintiff's discovery responses and only became known to plaintiff's counsel within the last two weeks.  Defendant has indicated his intention to file a Motion to Preclude these witnesses.  Inasmuch as defendant has not even taken the deposition of the plaintiff, it is difficult to understand how defendant would be prejudiced by these disclosures at this time.

Defendant:  For the defendant's position, see, the attached motions and memoranda of law.  The defendant anticipates that the plaintiff, knowing that it is not admissible, will not seek to introduce evidence that the defendant was arrested and was charged by the New Haven police or the disposition of his case.  If the plaintiff does attempt to introduce such evidence, the defendant reserves the right to object to its introduction as irrelevant, prejudicial and immaterial.

**15.    Proposed Findings and Conclusions**

N/A

**16.    Trial Time.**

The parties anticipate that this matter will take two to three days to try.

**17.    Further Proceedings.**

None contemplated at this time.

17

**18.    Election for Trial by Magistrate**.

Not Applicable.

_____
W. Martyn Philpot, Jr.
Federal Bar No. ct05747
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT 06511-6406
(203) 624-4666

_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000

18

## CERTIFICATION

I hereby certify that on October 29, 2003, a copy of the foregoing was mailed, postage prepaid, to:

W. Martyn Philpot, Jr., Esquire
Law Office of W. Martyn Philpot, Jr.
409 Orange Street
New Haven, CT 06511-6406

and a bench copy to:

> Honorable Dominic J. Squatrito
> U.S. District Court
> 450 Main Street
> Hartford, CT  06103

Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut  06410
(203) 250-2000

\\fp\nuzzo\wp\403001\799\HIGGINS-HAMMOND.TMOrevised2.doc