UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

RONNELL HIGGINS,

        Plaintiff                                                                                NO.: 3:02 CV 1863(DJS)

V.

JOHN RAPPAPORT AND
JOHN GERARD HAMMOND

        Defendants                                                OCTOBER 29, 2003

-----------------------------------------------------------x


### Defendant's Preliminary Proposed Requests to Charge

After conferring and being unable to agree on proposed requests to charge, the parties have submitted dual sets. The defendant submits the following preliminary instructions.


REQUEST TO CHARGE #1:    Burden of Proof

Some of the facts claimed by the parties are not in dispute. Other facts or allegations are in dispute, meaning that the opposing parties have denied them. In general, the party who asserts a claim has the burden of proving it.

In this case, the plaintiff bears the burden of proving his case: which includes proving that the defendant was negligent or otherwise responsible, that he sustained the damages he claims and that his negligence or wanton or intentional act was the

proximate cause of the damages the plaintiff claims. The plaintiff must prove each of these elements of the case by a fair preponderance of the evidence. Burden of proof means that the plaintiff has the burden or duty to come forward with the evidence which supports the right of recovery. A fair preponderance of the evidence means that he must prove those facts by the better and weightier evidence. This is not the same standard as in a criminal trial. Here we are dealing with probability rather than certainty. On each issue you must weigh the evidence as if it were placed on a scale in your minds. If the scales weigh evenly, or if they incline against the party making the assertion, then that party has failed to establish it. Only if the scales incline in favor of the assertion may you find that such claim has been established by a fair preponderance of the evidence.

For each fact that the plaintiff must prove to establish his case, he must present evidence that establishes that the fact is more likely true than not. If he fails to prove that the defendant was negligent or committed a wanton or intentional act, then you must find for the defendant.

By the very same standard, the defendant has the burden of proving his special defenses in which he claims that the plaintiff was himself in part or whole responsible for causing his own injuries.

I shall instruct you in this charge on those allegations which are essential to the plaintiff's cause of action, and the defendant's special defenses of comparative fault. As to both, when I use the words "find" or "prove" or "proven," I mean proof by a fair preponderance of the evidence.

It is important to stress that although the defendant has the burden of proving their special defense of comparative negligence, which I will discuss a little later, the defendant does not have to disprove the essential elements of the plaintiff's cause of action. The burden of proof is on the plaintiff to prove by a fair preponderance of the whole evidence the essential elements of his case. If the plaintiff's level of proof on any issue rises to no greater than 50%, if, upon a careful consideration of all the evidence, you find the issues a toss-up, you must find for the defendants.

Conley v. Board of Education, 143 Conn. 488, 497 (1956); New England Iron Works Co. v. Connecticut Co., 98 Conn. 609, 611 (1923); Wright, Connecticut Jury Instructions, Vol. 2 (3rd Ed.), §597; Restatement (2nd) Torts, §328A; Donovan v. Connecticut Co., 84 Conn. 531, 534-35 (1911).

REQUEST TO CHARGE #2:    Circumstantial Evidence

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence--such as testimony of any eyewitness. The other is indirect or circumstantial evidence, that is, inferences which may be drawn with reasonable certainty from proven facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence, both direct and circumstantial.

Thus, both direct and circumstantial evidence is permissible evidence. Each type should be treated equally. In your consideration of the evidence you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in the light of your own experience.

You should be careful to avoid resorting to speculation, conjecture or guesswork—under the guise of relying on circumstantial evidence—in order to determine critical facts in the case.

REQUEST TO CHARGE #3:     Verdict Not to be Influenced by Sympathy

Your verdict must be based absolutely and solely upon the evidence presented here at trial. You should not be swayed or influenced by any sympathy for or against any of the parties. However, you should use all of your experience, your knowledge of human nature and motivation, and test the evidence in the case in accordance with such knowledge.

Wright, Connecticut Jury Instructions, Vol. 1 (3rd Ed.), §§310, 312; Howe v. Raymond, 74 Conn. 68, 72 (1901).

REQUEST TO CHARGE #4:     Credibility of Witnesses

In performing your function, one of the things that you must do is pass upon the credibility of the witnesses who have appeared before you. Whether or not a witness is telling the truth is a question solely for you, the jury, to answer. In assessing the credibility of each witness, you should keep some factors in mind, such as appearance, frankness, candor and demeanor. Another question for you to have in mind is whether the witness's story is plausible. Does it ring true, or are there inconsistencies in it? How does it fit with the other evidence and other facts which you find to have existed? You should consider any possible bias or prejudice the witness may have; his interest, of whatever sort, in the outcome of the trial; his ability to observe facts correctly and to remember them truly and accurately.

You have the right to bring to bear upon the testimony in court the same common sense tests of truthfulness that you would use in every-day life. If you find some of a witness's testimony not to be credible, you may, if the situation warrants, infer that other testimony of the witness or all the testimony of that witness is not credible or believable. You are at liberty, within your own sound judgment, to choose what testimony you will believe, and to discard, in whole or part, testimony you determine not to be credible.

Raia v. Topehius, 165 Conn. 231, 235-236 (1973); State v. Smith, 201 Conn. 659 (1986); Wright, Connecticut Jury Instructions, Vol. 2 (3rd Ed.), §641.

REQUEST TO CHARGE #5:    Negligence

In general, negligence is doing something a reasonably prudent person would not do under the circumstances, or failing to do what a reasonably prudent person would do under the circumstances. Stated another way, negligence is conduct by one person that creates an undue risk of harm to another person. In considering whether the defendant was negligent, we don't hold him to the standard of a perfect person, but rather a reasonably prudent person under the circumstances.

In this case, in order to decide whether the defendant was negligent, based on the evidence presented to you, you must compare his conduct on November 17, 2001, with what a person or ordinary prudence would do under the same circumstances. In other words, you are to compare his conduct to that of an average reasonable person and decide if it meets the standard of that person. Only if his conduct fails to measure up to that of an average reasonable person under the circumstances would you find him negligent.

New England Ironworks v. CT Co., 98 Conn. 609 (1923); Wright and Fitzgerald, Connecticut Law of Torts (3rd Ed.), §§ 29, 30; Wright, Connecticut Jury Instructions, Vol. 1 (3rd Ed.), § 70.

REQUEST TO CHARGE #6:        Proximate Cause

Proximate cause is a legal term, meaning whether something is a substantial factor in bringing about a result, or stated another way, that the result flowed directly from this cause. As to the claims made by the plaintiff in this case, you must ask yourself whether an act or omission of the defendant was a substantial factor in bringing about the damages claimed by the plaintiff. While there can be more than one substantial factor, not all negligence proximately causes damages. If you find that the damages claimed by the plaintiff were not proximately caused by an act or omission of the defendants, in other words if some other cause other than the negligence of the defendant was the substantial factor that led to the judgment entering, then you must find in favor of the defendants.

Wright, Connecticut Jury Instructions, Vol. 1 (3rd Ed.), §§110, 111; <u>Corey v. Phillips</u>, 126 Conn. 246, 255 (1939).

REQUEST TO CHARGE #7:		Comparative Negligence

In this case, the plaintiff has claimed that the defendant was negligent in causing injury to the plaintiff. If the plaintiff has not met his burden of proving that the defendant was negligent and that such negligence was a substantial factor in causing his injuries, then you will go no further and you must return a verdict in favor of the defendants.

If however, you find that the defendant was negligent and such negligence was a proximate cause of the damages claimed by the plaintiff, then you must consider the defendant's special defense of comparative negligence. As jurors, you are called upon to decide what happened, who was responsible, and what percentages of negligence the parties must bear.

The defendant claims that the plaintiff was himself negligent in one or more of the following ways:

(a) he turned his back to a crowd of persons moving towards him without ascertaining whether they had or could stop prior to colliding with him;

(b) he failed to step out of the way of a crowd of persons who were moving towards him;

(c) he knowingly encountered a situation which he knew or should have known was hazardous, in which a crowd of persons was moving on the field, in disregard for his own safety;

(d) he failed to act as a reasonable and prudent person in the circumstances then and there existing.

The defendant need only prove one of these claims in order to prove his defense of comparative negligence.

If you find that the plaintiff's fault was greater than that of the defendant in causing the damages claimed, then you must conclude that the plaintiff is barred from recovering any damages from the defendant and you must return a verdict for the defendant on the negligence count.

In addition, you must consider the negligence of John Rappaport in coming to your verdict, since he was a party to this case and was sued by the plaintiff.

The percentages of negligence assigned to the three parties must add up to 100%. The law recognizes no other causes.


Conn. Gen. Stat. §52-572h.

REQUEST TO CHARGE #8:  Damages

    A.    GENERALLY

If you find that the defendant is legally responsible for some or all of the claimed damages the plaintiff has presented, then you must consider damages. The law in Connecticut is that a plaintiff is entitled to recover fair, just, and reasonable compensation for damages he proves. As the jury, you are the sole judge of what is fair, just, and reasonable compensation, and you must award a specific sum of money for the damages suffered by the plaintiff.

There are two types of damages that the plaintiff may be entitled to: 1) economic damages and 2) non-economic damages. Economic damages are awarded as compensation for monetary losses and expenses which the plaintiff has incurred, if you find the defendant at fault. Economic damages include reasonable and necessary medical expenses or wages actually lost as a result of the injuries sustained. Non-economic damages are awarded as compensation for non-monetary losses the plaintiff has suffered or will suffer in the future, including physical and mental pain and suffering, permanent disability, and diminution in the quality of life.

Economic damages are easier to determine, as they involve quantified elements, such as medical bills. It is incumbent upon the plaintiff to prove to you, by a fair preponderance of the evidence, as I have previously defined that term to you, the extent and nature of each loss that he sustained and the amount which is sought to be recovered as damages. You must weigh the evidence of the nature of the

accident, the manner, duration and timeliness and results of treatment, and the like, as bearing on the extent of the plaintiff's claimed injuries. The plaintiff has the responsibility of proving to you that he suffered any claimed element of damage by a preponderance of the evidence; that is, he must establish that there is greater than a 50 percent likelihood that he suffered the claimed damages and that the injuries were caused by this accident.

In this case, you have heard evidence of the damages claimed by the plaintiff, including medical expenses and pain and suffering. The general rule is that you must apply common sense in assessing the value of the damages suffered by the plaintiff in this accident and disregard the damages not proved or damages suffered by other causes. In addition, you are to use your common sense to decide whether in fact each element of damages claimed by the plaintiff really exists. The defendant does not have to disprove the claimed injuries. The plaintiff must come forward with proof of these injuries.

You must not speculate or guess as to the nature and extent of the plaintiff's injuries. You cannot award any damages for any injury which may only possibly have resulted from the accident. Damages can be awarded for those injuries which the plaintiff has proved, by a fair preponderance of the evidence, resulted from the accident. Only if you find the relation of cause and effect between the incident on November 17, 2001 and one or more of the claimed results can you consider awarding damages.

Wright, Connecticut Jury Instructions, Vol. 1 (3rd Ed.), §§ 226, 240, 244; <u>Trani v. Anchor Hocking Glass Corp.</u>, 142 Conn. 541, 543-44 (1955); <u>Orlo v. CT Co.</u>, 128 Conn. 231, 239-40 (1941).

    B.    DAMAGES FOR PERSONAL INJURIES

The plaintiff claims to have sustained personal injuries as a result of this accident. The rule is that if the plaintiff has proved that he sustained injury, he is entitled to recover fair and just compensation for the injuries suffered. It is for you, in exercising your best judgment, to determine what is reasonable compensation for the injuries the plaintiff suffered. You cannot allow more money for a medical bill than the plaintiff has claimed, but you may allow less if the plaintiff does not succeed in proving that the amount of the bill is reasonable, and that it was in whole a proximate consequence of injuries received by the plaintiff in this accident. You must bear in mind that the plaintiff bears the burden of proving that any claimed element of damages was a proximate consequence or result of the accident, as well as proving the reasonable amount of her damages with respect any such element.

The plaintiff should not be compensated for suffering or incapacitation attributable to any pre-existing conditions or injuries. You may compensate the plaintiff only for injuries he proves to be proximately caused by the accident on November 17, 2001. The purpose of awarding these compensatory damages is not in any way to punish or penalize the defendant. It is not proper for a jury, in

considering the question of damages, to attempt to be generous or sympathetic, rather than fair and reasonable.

Wright, Connecticut Jury Instructions, Vol. 1 (3rd Ed.), §§226, 231(e).

<u>REQUEST TO CHARGE #9:</u>  Willful and Wanton Misconduct

In addition to claiming a recovery on the ground of negligence, the plaintiff also alleges that his injuries were caused by the wanton and willful misconduct of the defendant. The amount of damages to which he would be entitled if he has proved a cause of action resting on negligence are the same as they would be if he has proved a cause of action based on such misconduct, and you may wonder why he should allege both causes of action. The reason is this: As I have told you, even if the plaintiff proved that the defendant was negligent, he still could not recover if you find that he was himself guilty of negligence which contributed to producing his injuries. On the other hand, if he has proved a cause of action based on reckless, wanton or willful misconduct, he is still entitled to recover, although he was himself guilty of mere negligence contributing to the injury. His own misconduct would defeat his right to recover only if it was in itself reckless, wanton or willful, and as such contributed to produce his injuries.

Therefore, in judging the conduct of both the plaintiff and the defendant, you must determine whether it was reckless, wanton or willful; and it is necessary that I explain those words to you. But, first, I want to point out to you that while the plaintiff in his complaint, alleges that the defendant was guilty of wanton and willful misconduct, it will be enough if he has proven that the defendant's conduct was truly characterized by any one of the words; and similarly, to defeat a recovery by the plaintiff it is enough if you find it proven that his misconduct within the true meaning of any one of the words contributed to produce his injury.

      To constitute wanton misconduct the actor must be conscious of his conduct, and, though having no intent to injure, must be conscious from his knowledge of surrounding circumstances and existing conditions that his conduct will naturally or probably cause injury. Misconduct, to be willful, must result from a design, purpose and intent to do wrong and inflict injury. If the plaintiff has proved by a fair preponderance of the evidence that the defendant was guilty of misconduct which was more serious than negligence and which amounted to wantonness or willfulness, as I have defined those words to you, you do not need to consider whether the plaintiff was guilty of comparative negligence.

Rogers v. Dowdy, 119 Conn. 532, 535 (1935).  Wright, Connecticut Jury Instructions, Sec. 610

REQUEST TO CHARGE #10: Plaintiff's Willful and Wanton Misconduct

As I have said to you, the fact that the plaintiff was guilty of comparative negligence, if you find that he was, would diminish or defeat his action in so far as it is based on negligence. But, as I have also said to you, he charges the defendant not merely with negligence, but also with willful, or wanton misconduct; and if the plaintiff satisfies you by a fair preponderance of the evidence that this charge is true, his comparative negligence would be no defense.

But that is not to say that you are to disregard the conduct of the plaintiff entirely. If he was himself guilty of willful, wanton or reckless misconduct which was a substantial factor in bringing about his injuries, he cannot recover. The test of willful, wanton or reckless misconduct on his part is the same as I have explained such conduct to you when charging you in regard to conduct on the part of the defendant, on which the plaintiff relies for a recovery upon this phase of the case. If you find that the defendant was guilty of negligence and of no more serious misconduct, contributory negligence on the part of the plaintiff would defeat a recovery by him. If you find that the defendant was guilty of willful, wanton or reckless misconduct, contributory negligence of the plaintiff would not constitute a defense; but if the plaintiff was himself guilty of willful, wanton, or reckless misconduct which was a substantial factor in bringing about his injuries, he cannot recover in this action.

Restatement, Second, Torts §§ 482(2); 503; Wright, FitzGerald and Ankerman, Conn. Law of Torts (3rd Ed.) § 62.

REQUEST TO CHARGE #11: Exemplary or Punitive Damages

In addition to the damages of which I have been speaking and which are designed to compensate the plaintiff for his injury and losses, the plaintiff claims additional damages which we call exemplary or punitive damages. In order to recover them, the plaintiff must prove more than an invasion of his rights; he must prove that the wrong done him arose from hatred or ill will towards him, or from malice, that is, from some improper or unjustifiable motive or intent; or that the defendant acted wantonly, that is, was aware or should have been aware, from his knowledge of the circumstances, that his conduct would naturally or probably harm the plaintiff.

If the plaintiff has proven to you that the conduct of the defendant had any one of these characteristics, then he is entitled to have you add to the damages given in compensation for his losses and injury an additional sum as exemplary damages. The measure of these damages is the reasonable expense which he has incurred, including counsel fees, in prosecuting this action, less the taxable costs, which if he recovers, will be included in the judgment, and which, I instruct you, will amount to one third of his compensatory damages, which in your discretion you may add to his compensatory damages if you find the plaintiff has proven a right to these additional damages.

Wright, Jury Instructions (Civil) Sec. 256. Chykirda v. Yanush, 131 Conn. 565, 568 (1945).

THE DEFENDANT
JOHN GERARD HAMMOND

By_____
Frederick L. Murolo
Federal Bar No: ct 01562
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000