1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
*************************************
RONNELL HIGGINS                *
            Plaintiff,         *
                               * CIVIL NO. 3:02CV1863 (DJS)
VS.                            *
                               *
JOHN RAPPAPORT AND.            *
JOHN GERARD HAMMOND            *
            Defendants.        * OCTOBER 29, 2003
*************************************
```

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The plaintiff, Ronnell Higgins, hereby respectfully requests the following jury charge be given to the jury in the instant matter, subject to any further instructions and/or rulings by the Court with respect to the evidence admitted and/or the general charge which is to be rendered by the Court in the instant matter.

**I.    Assault and Battery**

a.    The plaintiff, Ronnell Higgins in this case is seeking to recover damages for physical injuries which he alleges were inflicted upon him by the defendant. The plaintiff bases his claim upon what is ordinarily spoken of as an assault. Without bothering you with certain technical aspects of the law involved in this claim, I shall use the word "assault" in the meaning usually given to it by men not skilled in the law. So used, an assault may be defined as an unlawful application of force or violence to the person of another. That definition involves two elements: Force or violence must be applied to the person of another, and as to this element I

2

need only to add that it does not matter, as far as the liability of the defendant is concerned, how little or how great was that force or violence, although if you find that the defendant did commit an assault, the amount of damages you can properly determine to be due the plaintiff would vary with the extent and nature of the force applied.

      b.      The other element involved in the offense with which the plaintiff charges the defendant is that the application of the force or violence must be unlawful. That does not necessarily mean that there was any preconceived intent on the part of the defendant to injure the plaintiff, although an assault arising out of such an intent would be unlawful. Nor need an assault in order to be unlawful necessarily be intentional, or wanton, that is, the result of a reckless disregard of consequences on the part of the one charged with the offense. It would be sufficient if the assault was the result of negligence on his part, that is to say, of a failure on his part to use the care which a person of ordinary prudence would use under the circumstances present. But, to be a basis of recovery, the application of force or violence must, be reason of the intent, the wanton conduct, or the negligence of the party charged with the offense, be unlawful.

*Lentine v. McAvoy*, 105 Conn. 528, 531 (1927).


**II.**    **Negligence**

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.

3

*Sharkey v. Skilton*, 83 Conn. 503, 508 (1910).

### III.  Common Law Negligence Defined

Common law negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances.

Hoelter v. Mohawk Services, Inc., 170 Conn. 495, 501 (1976).

### IV.  Reasonable Care

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised. *Galligan v. Blais*, 170 Conn. 73, 77 (1976); *Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.*, 116 Conn. 496, 503 (1933); *Geoghegan v. G. Fox & Co.*, 104 Conn. 129, 134 (1926).

### V.  Proximate Cause - Definition

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

*Pilon v. Anderson*, 112 Conn. 300, 301 (1930) ("The meaning of the term

4

'substantial factor' is so clear as to need no expository definition . . . . Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs"); *Mahoney v. Beatman*, 110 Conn. 184, 185 (1929) (first formally adopting the substantial factor test as the test for proximate cause in Connecticut). Accord *Mather v. Griffin Hospital,* 207 Conn. 125, 130 (1988) (most recently quoting Pilon and its progeny for the foregoing proposition).

### VI.   Proximate Cause - Substantial Factor

Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury. Negligence contributes materially to the production of an injury if its causative effects remain in active operation until the moment of injury, or at least until the setting in motion of the final active injurious force which immediately produces or precedes the injury. By this definition, negligence which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury, and thus is not a proximate cause of the injury.

*Doe v. Manheimer,* 212 Conn. 748, 757-58 (1989) (quoting *Kowal v. Hohfer,* 181 Conn. 355, 359-60 (1980), as follows: "The 'proximate cause' requirement tempers the 'expansive view of causation [in fact] . . . by the pragmatic . . . shaping [of] rules which are feasible to administer, and yield a workable degree of certainty. 1 Harper & James, Torts § 20.4, p. 1133. Remote or trivial [actual] causes are generally rejected because the determination of the responsibility for another's injury is much too

5

important to be distracted by explorations for obscure consequences or inconsequential causes'"); *Ferndale Dairy, Inc. v. Geiger,* 167 Conn. 533, 538 (1975) ("The test is whether the defendant's conduct was a substantial factor in causing the plaintiff's injuries. To be such a fact the cause must have continued down to the moment of the damage or, at least, down to the setting in motion of the final active injurious force which immediately produced or preceded the damage"); *Smiroff v. McNerney,* 112 Conn. 421, 424-26 (1930) (finding no error in a jury instruction which defined proximate cause as any act or occurrence which "substantially or materially contributed to produce" the injuries suffered, because: "The word `contribute' carries in itself the significance of a casual connection between the negligence and the injury. Whatever the phrases we have used to qualify it, the purpose has been to distinguish those negligent acts or omissions which play so minor a part in producing the injuries that the law does not recognize them as legal causes. In *Coogan v. Aeolian Co.,* [87 Conn. 149], 156 (1913), we pointed out that the phrases, substantially and proximately contributing and essentially or materially contributing are two forms expressive of one thought [.]. . . ." On that basis the Court concluded that the phrase "substantial factor in producing the plaintiff's injuries," as used in *Mahoney v. Beatman* was "tantamount" to the phrase "substantially or materially contributed to produce" the plaintiff's injuries); *Mahoney v. Beatman,* 110 Conn. 184, 198-99 (1929) (first equating the terms "substantial factor" and "material contribution" for the purposes of defining and establishing proximate cause).

6

### VII. Negligent Infliction of Emotional Distress

In the Second Count of Mr. Higgins' complaint, he has asserted a claim of negligent infliction of emotional distress. I charge you that in order to establish such a claim, Mr. Higgins must show, by a preponderance of the evidence, that Mr. Hammond should have realized that his conduct involved an unreasonable risk of causing emotional distress, and if it were indeed caused, might well result in illness or bodily harm.

*Perodeau v. Hartford*, 259 Conn. 729, 749 (2002).

It is important for you to understand that recovery for unintentionally caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. On the other hand, it is also important for you to understand that Mr. Higgins is not entitled to damages for emotional distress unless he has proven to you that Mr. Hammond knew or should have known that his conduct might well give rise to an unreasonable risk of causing emotional distress that might result in illness or bodily harm.

*Scanlon v. Connecticut Light & Power Company*, 258 Conn. 436, 445 (2001); *Shaw v. Shell Oil Products Company*, 119 F. Supp. Second 62, 70 (D. Conn. 2000); *Montinieri v. Southern New England Telephone Company*, 175 Conn. 337, 341 (1978).

7

## VIII.   Calculation of Damages

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damages, to the extent you find them proven by a preponderance of the evidence:

If you find for plaintiff, then he is entitled to recover any amount that will fairly compensate him for the damages that he has suffered to date.

In addition, if you find that plaintiff was reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. In calculating future damages, you should consider the age at which plaintiff would have likely retired.

*McDonnell v. ISK Biosciences, Inc., CA* No. H-95-4730 (S.D. Texas 1999).

## IX.   Non-Economic Damages

I charge you that if your verdict is for the plaintiff you have the question of damages to consider. The cardinal rule as to damages is that the amount awarded should be just, fair and reasonable compensation - no more and no less - for the injuries, pain, suffering, disability, restriction on activities and losses which the plaintiff proves that he suffered as a direct and proximate result or consequence of the incident which occurred on November 17, 2001. The burden of proving these injuries and damages rests upon the plaintiff. Mr. Higgins is entitled to recover damages insofar as he alleges and proves that he sustained them.

8

As for the future, you must, as best as you are able in your honest judgment, compensate Mr. Higgins for such results, in the nature of pain, suffering, incapacity and psychological/emotional impairment, as are reasonably probable. You must be satisfied with a reasonable degree of certainty that the results for which you are attempting to compensate him are reasonably probable. Insofar as you find that it is reasonably probable in the future that he will suffer pain, that he will undergo suffering of any kind, that he will be unable to continue to work at the level he once did at the Yale University Police Department, you should attempt to compensate him for these things.

See, generally 22 Am Jur 2nd Damages, §§133 et seq.; also see, *Connecticut Jury Instructions*, §226.

### X. Punitive Damages

In addition to the damages mentioned in the other instructions, the law permits you, under certain circumstances, to award an injured person such as Ronnell Higgins punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Mr. Higgins on his claim that the defendant committed an assault and battery, and that defendant was responsible for his reckless indifference to Mr. Higgins', then in addition to any damages to which you find plaintiff entitled, you may award plaintiff an additional amount as punitive damages. In so finding, you

9

must determine that it is appropriate to punish the defendant or to deter him and/or others from like conduct in the future. Whether to award Mr. Higgins punitive damages, and the amount of those damages, are within your sound discretion.

RESPECTFULLY SUBMITTED,

BY: *W. Martyn Philpot /FLM*
Law Office of
W. Martyn Philpot, Jr., L.L.C.
409 Orange Street
New Haven, CT  06511-6406
Tel. No. (203) 624-4666
Federal Bar No. ct05747
His Attorneys